UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05188-RGK-JEMx | Date | February 20, 2013 |
|---|---|---|---|
| Title | **Joseph Camello v. Sebastian Rucci** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Re: Plaintiff's Motion for Relief from Dismissal (DE 25)**

## I.     INTRODUCTION

On April 27, 2012, Joseph Camello ("Plaintiff") filed a Complaint against his former attorney, Sebastian Rucci ("Defendant") for general negligence and fraud in Los Angeles Superior Court. On June 14, 2012, Defendant successfully removed the action to this Court.

After the removal, the Court ordered Plaintiff on various occasions to file an amended complaint to comply with the Court's procedures and local rules. Plaintiff never did so. Thus, the Court dismissed the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) for failure to comply with the Court's Orders.

Presently before the Court is Plaintiff's Motion for Relief from Dismissal pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.     FACTUAL BACKGROUND

Plaintiff's claims arise out of a prior state court litigation, where Defendant represented Plaintiff against claims of negligence and breach of contract. In the present Complaint, Plaintiff alleges Defendant mishandled the state court litigation, which led to a $295,000 default judgment entered against Plaintiff.

Plaintiff had filed the Complaint on a form complaint. After the action was removed, on June 19, 2012, the Court issued a Standing Order ("Standing Order") Regarding Newly Assigned Cases. The Order required a party utilizing "a form pleading" to "file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal." (DE 3.)

On July 1, 2012, Defendant filed an Answer to Plaintiff's form complaint. On some undisclosed date after Defendant filed an Answer, Plaintiff's counsel alleges that he attempted to file an amended Complaint in paper format that complied with the Court's Standing Order, but the intake clerk rejected the document because an Answer had already been filed. Thereafter, neither Plaintiff nor his counsel filed a Complaint that complied with the Standing Order. However, Plaintiff's counsel acknowledged that he could have filed an amended complaint by seeking a stipulation from Defendant or by filing a regularly noticed-motion. (Pl.'s Opp'n to Mot. to Dismiss 4.)

On August 1, 2012, Defendant filed a Motion to Dismiss based in part on Plaintiff's failure to file a conforming complaint. Plaintiff opposed the Motion by blaming the intake Clerk, and specifically sought an order from the Court allowing Plaintiff to file a paper copy of the amended Complaint. On September 20, 2012, the Court denied Defendant's Motion to Dismiss as procedurally improper. However, the Court recognized that Plaintiff's Complaint did not conform to the Standing Order. Thus, it ordered Plaintiff to file an amended complaint in conformance with the Standing Order by no later than September 28, 2012 ("Sept. 20 Order"). This deadline was only a few days prior to the October 1, 2012 deadline to amend pleadings as set by the Scheduling Order. (DE 21.)

Both the Sept. 28 and Oct. 1 deadlines passed and Plaintiff failed to take any action to file an amended Complaint. On December 21, 2012, the Court dismissed Plaintiff's Complaint pursuant to Rule 41 for failure to comply with the Court's Standing Order and Sept. 20 Order.

On December 28, 2012, Plaintiff filed the present Motion for Relief from Dismissal.

## III.   <u>JUDICIAL STANDARD</u>

Under Rule 60(b)(1), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The determination of whether neglect is excusable is an equitable one that considers: (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, and whether this reason was within the reasonable control of the party, and (4) whether the party acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993); *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (applying *Pioneer* to non-bankruptcy cases). This determination is "committed to the discretion of the district courts." *Brandt*, 653 F.3d at 1112.

## IV.   <u>DISCUSSION</u>

### A.   <u>Plaintiff's Failure to Comply with Local Rule 7-3</u>

At the outset, Defendant alleges that Plaintiff filed this Motion without properly conferring with opposing counsel pursuant to Local Rule 7-3. (DE 26, 5.) Plaintiff does not deny this allegation. This represents another instance of Plaintiff and his counsel's repeated failure to comply with the Court's procedures or orders.[1] While failure to comply with Local Rule 7-3 is grounds to disregard the Motion, the Court elects to decide the Motion on the merits.

---

[1] On July 17, 2012, Plaintiff also requested relief from the Court for a filing a late jury demand. (DE 7-1).

**B.      Motion for Relief from the Court's December 21, 2012 Dismissal**

Plaintiff argues that his failure to comply with the Court's orders to file an amended complaint was due to excusable neglect; thus, the dismissal order should be vacated. Plaintiff contends that the mistake was excusable because (1) he attempted to file an amended complaint in conformance with the Standing Order, but the intake clerk refused to accept it, and (2) Plaintiff's counsel never received actual notice of the Court's Sept. 20 Order to amend the Complaint. The Court disagrees.

At its core, the determination of whether neglect is excusable is an equitable consideration, and this determination is firmly committed within the discretion of the Court. *Brandt*, 653 F.3d at 1112. Here, no equitable consideration can justify Plaintiff's continuous failure to comply with the Court's orders in light of the prejudicial effect imposed on Defendant.

First, the Standing Order required Plaintiff to file a conforming complaint within 30 days after receipt of the notice of removal; the 30 days expired on July 19, 2012. Until December 28, 2012, Plaintiff had not filed an amended Complaint which conformed to the Standing Order. Plaintiff blames his initial failure on the intake clerk for rejecting a paper copy of the amended complaint that he sought to file on an undisclosed date. This is an unacceptable reason for his non-conformance. This is particularly true because Plaintiff's counsel fully acknowledged that he could have filed an amended complaint by filing a regularly-noticed motion or seeking a stipulation from Defendant. (Pl.'s Opp'n to Mot. To Dismiss 4.) Plaintiff avoided these alternatives because they were costly, and accordingly, made no subsequent attempt to file amended complaint until this present Motion. (*Id.*) These are inadequate reasons for Plaintiff's failure to comply, and relief from dismissal is not warranted under these circumstances.

Second, despite Plaintiff's initial failure to comply with the Standing Order, the Court gave him a second chance by denying Defendant's Motion to Dismiss and ordering Plaintiff to file a conforming complaint by no later than September 28, 2012 ("Sept. 20 Order"). Again, Plaintiff failed to take action, and consequently, on December 21, 2012, the Court dismissed the Complaint for failure to comply with the Standing Order and Sept. 20 Order.

Plaintiff asserts that his failure to comply with the Sept. 20 Order was again due to the Court's error, as his counsel was "misled" by the Court's official notices. (DE 25, 4-5.) Plaintiff contends that he was "misled" because the CM/ECF electronic notice and docket entry description only stated that the Court denied Defendant's Motion to Dismiss and "did not mention a second added Order for Plaintiff to file an 'an amended complaint.'" (*Id.*)  This argument is completely without merit. Plaintiff's counsel completed the training offered by CM/ECF electronic filing system. (DE 7, Ex. 1). Given this training, Plaintiff should have known that court-related email notifications contain hyperlinks to the complete orders. Had Plaintiff or Plaintiff's counsel read the Sept. 20 Order, they would have seen the highlighted and explicit instruction to file an amended compliant. Plaintiff cannot blame the Court for his failure to read the Order, and such neglect is clearly inexcusable.

Lastly, to vacate the Dec. 21 Dismissal at this stage in litigation would be prejudicial to Defendant and would impact Defendant's ability to properly prepare for trial. The Court's Scheduling Order set October 1, 2012 as the last day to amend the complaint, yet Plaintiff made no diligent attempts to adhere to this deadline. To vacate the dismissal order and allow the amended complaint, over four months after the Scheduling Order deadline, would be unfairly prejudicial to Defendant.

---

Given the above, the Court finds that Plaintiff's failure to comply with the Court's orders does not constitute excusable neglect within the meaning of Rule 60(b)(1). Thus, vacating the Court's Dec. 21, 2012 Dismissal is not warranted.

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Relief from Dismissal.

**IT IS SO ORDERED.**

_____ : _____

Initials of

Preparer _____